IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>CONTRA COSTA COUNTY SHERIFF DEPARTMENT and DAVID O. LIVINGSTON,<br><br>　　　　Respondents. | No. C 12-0415 LHK (PR)<br><br>ORDER GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER OF DISMISSAL WITH LEAVE TO AMEND<br><br><br>(Docket No. 2) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the grievance procedures at the Costra Costa County Jail. Petitioner's motion for leave to proceed in forma pauperis is GRANTED. For the reasons stated below, the Court dismisses the petition with leave to amend.

**DISCUSSION**

A.　Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order

Order Granting Motion for Leave to Proceed In Forma Pauperis; Order of Dismissal With Leave to Amend
G:\PRO-SE\SJ.LHK\HC.12\Hopkins415dwla.wpd

1  directing the respondent to show cause why the writ should not be granted, unless it appears
2  from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. §
3  2243. Summary dismissal is appropriate only where the allegations in the petition are vague or
4  conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908
5  F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

6  B.     Petitioner's Claim

7       Petitioner alleges that he is being denied access to the courts because the grievance
8  procedures at Contra Costa County Jail are flawed. Petitioner's claim is not cognizable in
9  federal habeas corpus. "Federal law opens two main avenues to relief on complaints related to
10 imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil
11 Rights Act of 1871, Rev. Stat. § 1979, *as amended*, 42 U.S.C. § 1983. Challenges to the
12 lawfulness of confinement or to particulars affecting its duration are the province of habeas
13 corpus." *Hill v. McDonough*, 547 U.S. 573, 579 (2006) (internal quotation marks and citation
14 omitted). "An inmate's challenge to the circumstances of his confinement, however, may be
15 brought under § 1983." *Id.* While the Supreme Court has not addressed whether a challenge to a
16 condition of confinement may be brought in habeas corpus, *see Docken v. Chase*, 393 F.3d 1024,
17 1028 (9th Cir. 2004), the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983
18 action proper, where a successful challenge to a prison condition will not necessarily shorten the
19 prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 859 (9th Cir. 2003). Thus, where, as
20 here, a petitioner's successful challenge to the county jail's administrative appeal procedures will
21 not necessarily shorten the prisoner's sentence, habeas jurisdiction does not lie. *See id.*
22 Accordingly, Petitioner may not proceed with his claims by way of federal habeas corpus, and
23 the petition is DISMISSED.

24       Where a prisoner files a habeas petition attacking the conditions of his confinement the
25 district court may construe such petition as a civil rights action under 42 U.S.C. § 1983. *See*
26 *Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The Court will not do so here, however,
27 unless Petitioner affirmatively informs the Court that he wants this case to proceed as a civil
28 rights action. Specifically, because § 1983 cases filed by prisoners are subject to certain

statutory requirements of which Petitioner should be aware before deciding to proceed with a § 1983 action, the Court will not construe the petition as a § 1983 action without Petitioner's consent.  In particular, § 1983 cases filed by prisoners are subject to a requirement that the claims be administratively exhausted.  *See* 42 U.S.C. § 1997e(a).  Further, such cases are subject to a $350.00 filing fee, rather than the $5.00 dollar filing fee for habeas cases, *see* 28 U.S.C. § 1914(a), and the fee must be paid even if in forma pauperis status is granted, by way of deductions from the prisoner's trust account until the full $350.00 fee is paid.  *See* 28 U.S.C. § 1915(b).  Finally, Petitioner is advised that there is no constitutional right to a prison administrative appeal or grievance system.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).  For these reasons, Petitioner might not seek to have the instant action treated as a § 1983 case.

Accordingly, this case is DISMISSED with leave to amend to allege a § 1983 action. Should Petitioner fail to do so, the case will be dismissed without prejudice.

## CONCLUSION

For the foregoing reasons, Petitioner's case is DISMISSED with leave to amend. Petitioner must file his complaint no later than **thirty (30) days** from the date of this order. Petitioner must write the case number for this action --  Case No. C 12-0415 LHK (PR) -- on the form and complete all sections of the form.  Petitioner is particularly directed to name as Defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation.  Liability under § 1983 arises only upon a showing of personal participation by the Defendant.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As mentioned above, the filing fee for a civil rights action is $350.00.  Petitioner must pay the $350.00 filing fee, or file another application for leave to proceed in forma pauperis, before this action can proceed.  Accordingly, if Petitioner chooses to file a civil rights complaint, petitioner must pay the requisite $350.00 filing fee in this action no later than **thirty (30) days** from the date of this order.  He shall include with his payment, a clear indication that it is for the above-referenced case number, Case No. C 12-0415 LHK (PR).  Alternatively, in the event that Petitioner is unable to pay the filing fee, he shall submit an in forma pauperis application, trust

1 account statement and certificate of funds no later than **thirty (30) days** from the date of this
2 order.
3    **Failure to file a completed civil rights form and to pay the filing fee or file the**
4 **requisite documents within the thirty-day deadline shall result in dismissal of this action**
5 **without prejudice.**
6    IT IS SO ORDERED.
7 DATED: 4/30/12

*Lucy H. Koh*
LUCY H. KOH
United States District Judge