IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN L. HOPKINS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CONTRA COSTA COUNTY SHERIFF ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendants. ) <br> ) | No. C 12-0415 LHK (PR) <br><br> ORDER STAYING PROCEEDINGS; <br> DIRECTING CLERK TO <br> ADMINISTRATIVELY CLOSE THE <br> CASE |

Plaintiff, proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Petitioner's motion for leave to proceed in forma pauperis is GRANTED in a separate order. For the reasons stated below, the Court dismisses one claim, and stays the action.

**BACKGROUND**

On January 26, 2012, Plaintiff filed a federal petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, he challenged the administrative grievance procedure at the West County Detention Facility, where he is currently housed. On April 9, 2012, the Court dismissed the petition because the claim alleged was not cognizable in a federal habeas petition. The Court dismissed the action with leave to amend to file an amended complaint. On April 23, 2012, Plaintiff filed the underlying amended complaint.

Order Staying Proceedings; Directing Clerk to Administratively Close the Case
G:\PRO-SE\SJ.LHK\CR.12\Hopkins415prestay.wpd

**DISCUSSION**

A. <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. <u>Plaintiff's Claim</u>

Plaintiff alleges that he is being denied access to the courts because the grievance procedures at the detention facility are flawed. However, this does not state a cognizable claim for relief because there is no constitutional right to a prison administrative appeal or grievance system. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Accordingly, this claim is DISMISSED.

Plaintiff also alleges that he is currently being prosecuted, and unknown defendants at the facility are deliberately and repeatedly destroying exculpatory evidence that he has obtained from the Board of Prison Terms. The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).

Order Staying Proceedings; Directing Clerk to Administratively Close the Case
G:\PRO-SE\SJ.LHK\CR.12\Hopkins415prestay.wpd    2

The Ninth Circuit has extended *Heck* beyond the context of convictions to hold that it applies to claims challenging the validity of an arrest, prosecution or conviction, such as those Plaintiff presents here. *See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges). However, in *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the United States Supreme Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 393 (quoting *Heck*, 512 U.S. at 486-87). The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id.* at 393 (italics in original). Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted above means that *Heck* does not apply if plaintiff has only been arrested or charged, not convicted, which appears to be the case here.

In *Wallace*, the Court said that if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the Court's power, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal. Otherwise, the case may proceed. *Id.* After *Wallace*, the applicability of *Heck*'s instruction to dismiss a federal action is limited to situations where there is an extant conviction at the time the federal case is filed. In cases such as this one, where there is no extant conviction, it is appropriate to follow the Supreme Court's suggestion and stay the case.

Accordingly, this case is STAYED pending resolution of the charges against Plaintiff. If Plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted **within thirty days** of disposition of the criminal charges or **within thirty days** of the filing date of this order -- whichever is earliest -- unless an appeal is filed. If he appeals, any request to lift the stay must be filed **within thirty days** of completion of

1 the appellate process. Failure to comply with these deadlines may result in the dismissal of this
2 action.
3      If the stay is lifted, and the Court finds Plaintiff's claims would impugn the validity of his
4 conviction, the action will be dismissed under *Heck*. If no such finding is made, the action will
5 proceed at that time, absent some other bar to suit. *See id.* at 394. The Clerk of the Court is
6 hereby directed to ADMINISTRATIVELY CLOSE the case.

**CONCLUSION**

8      For the foregoing reasons, this action is hereby STAYED.
9      The Clerk of the Court shall administratively close the case until further order from the
10 Court.
11      IT IS SO ORDERED.
12 DATED: 4/30/12

LUCY H. KOH
United States District Judge